IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CASE NO. 13 CR 515 |
| v. | ) ) ) | JUDGE REBECCA R. PALLMEYER |
| DMITRY FIRTASH, et al., | ) ) | |
| Defendants. | ) | |

**DMITRY FIRTASH AND ANDRAS KNOPP'S SUPPLEMENTAL BRIEF
IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS THE INDICTMENT**

This Supplemental Brief addresses two cases—*U.S. v. Knox*, 540 F.3d 708 (7th Cir. 2008), and *U.S. v. Lowrance*, 534 F. App'x 564 (7th Cir. 2013)—first raised by the Government during oral argument on September 15, 2017. Contrary to the Government's claims, *Knox* and *Lowrance* do not establish "that all we have to do in an indictment is allege that venue -- that the crime occurred in this district, as we have done, and elsewhere as to each count, and that is satisfactory under guiding Seventh Circuit precedent to establish venue." (September 15, 2017 Oral Argument Transcript ("Tr.") at 38:16-20.) As shown below, neither case calls into question the legal standards applicable to Defendants' venue argument (which the Government acknowledged in its response brief). Both cases are distinguishable and, considered carefully, underscore the Government's failure to plead venue in this Indictment.

As the Government previously recognized, "[a]n indictment alleges proper venue when it alleges facts which, if proven, would sustain venue." (Government Response ("Resp.") at 27) (citing *U.S. v. Bohle*, 445 F.2d 54, 59 (7th Cir. 1971).) And, because this is primarily a conspiracy case, pleading venue here required the Government to allege facts which, if proven, would show that "an act in furtherance of the conspiracy took place" in the Northern District of

Illinois. (Resp. at 22) (citing *U.S. v. Ochoa*, 229 F.3d 631, 636 (7th Cir. 2000).) Since the Indictment does not do that,[1] it fails as a matter of law and this Court should dismiss it. *See*, *e.g.*, *U.S. v. Hill*, 224 F. Supp. 3d 657 (C.D. Ill. 2016) (granting motion to dismiss for failure to allege proper venue when district where crime was charged lacked requisite connection to criminal conduct); *U.S. v. Alvarado*, 963 F. Supp. 2d 852 (E.D. Wis. 2013) (granting motion to dismiss for failure to allege proper venue in a retaliation by threat case when threat made in another district).

The Government alleges three facts only barely and incidentally touching this district:

- *First*, the Government alleges that in July 2009, co-defendant Gajendra Lal "traveled from Chicago, Illinois to Greensboro, North Carolina, and *thereafter* (i) informed Knopp about Individual C's planned meeting with an Indian public official concerning the project and Individual C's request for additional money for bribe payments; and (ii) instructed a subordinate to pay certain outstanding fees due to professionals who were assisting with the project." (Indictment ¶ 16(f)(iv) (emphasis added).)

- *Second*, the Government alleges that in August 2009, "Lal traveled from Chicago, Illinois to Greensboro, North Carolina, and *thereafter* instructed a subordinate to (i) transfer funds, which were intended for use to bribe Indian public officials, to a nominee of Individual C; and (ii) pay certain outstanding fees due to professionals who were assisting with the project and to pay other outstanding project expenses." (*Id*. at ¶ 16(f)(vii) (emphasis added).)

- *Third*, the Government alleges that "one or more of the conspirators used and caused the use of cellular telephones, including but not limited to a cellular telephone located in Chicago, Illinois." (*Id*. at ¶ 16(h).)

These three allegations do not plead venue under the applicable standards set forth in *Bohle*, *Ochoa*, and other Seventh Circuit authority. Lal's mere presence in Chicago on two

---

[1] Moreover, the Government cannot reach outside the Indictment to remedy its failure to properly allege venue. *See U.S. v. White*, 610 F.3d 956, 958 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."); *U.S. v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) ("[W]hen evaluating the sufficiency of an indictment, we focus on its allegations, which we accept as true."). *See also U.S. v. Young*, 694 F. Supp. 2d 25, 26-28 (D. Me. 2010) (refusing to consider a government proffer alleging facts outside the indictment in ruling on a motion to dismiss; "[I]f the Court accepts an offer of proof from the prosecutor that essentially sets forth the evidence the Government would produce at trial, the motion to dismiss becomes more like a civil motion for summary judgment"); *U.S. v. Gotti*, 457 F. Supp. 2d. 411, 429-30 (S.D.N.Y. 2006) (refusing to read the government's additional allegations of money laundering into the indictment when deciding a pretrial motion to dismiss; "The Government may not broaden Count Seven to include conduct not charged by the grand jury").

occasions and a conclusory allegation regarding the location of a phone in Chicago is not enough. Those meager allegations do not "allege[] facts which, if proven" would show that "an act in furtherance of the conspiracy took place" in the Northern District of Illinois.

*Knox* and *Lowrance* do not alter this conclusion either. Neither case considers venue as it relates to a pretrial motion to dismiss. *Knox* dealt with a defendant seeking to raise venue for the first time after trial, while *Lowrance* dealt with a defendant seeking to raise venue after pleading guilty. Neither case actually analyzed venue under *Bohle*, *Ochoa*, or other applicable Seventh Circuit venue standards such as those set forth in *U.S. v. Muhammad*, 502 F.3d 646, 653 (7th Cir. 2007) ("[W]e must focus on the key verbs in th[e] statutory prohibition in order to determine where, for purposes of the constitutional venue guarantee, we can say that the crime took place."). So, while *Knox* and *Lowrance* make passing reference to general venue allegations, they do not actually engage in a legal analysis of venue.[2]

Reviewing the crimes charged in, and the specific facts of, *Knox* and *Lowrance* show that—unlike here—the indictments there *did allege* "facts which, if proven, would sustain venue." *Bohle*, 445 F.2d at 59. As such, *Knox* and *Lowrance* support Defendants' venue arguments and highlight the venue failings in the Government's Indictment here.

In *Knox*, the Seventh Circuit examined the propriety of venue for a false statement charge. *Knox*, 540 F.3d at 714. The relevant statute, 18 U.S.C. § 1001(a)(2), requires that a defendant "knowingly and willfully" "make[] any materially false, fictitious, or fraudulent

---

[2] *Lowrance*, for example, stated in passing that two counts in an indictment adequately alleged venue because they alleged "that the crime was committed in the Northern District of Illinois and elsewhere." *Lowrance*, 534 F. App'x at 565. It cited *United States v. Ringer*, 300 F.3d 788 (7th Cir. 2002) in support of that statement. *Id. Ringer,* however, held that venue is improper if the only acts that occurred in a district "do not provide evidence of the elements of the charged crime." *Ringer*, 300 F.3d at 791 (citing *Ochoa*, 229 F. 3d at 636). But that is what the Government has done here and *Ringer*, like *Lowrance* and *Knox*, does not support the argument that mere reference to the Northern District of Illinois in an indictment establishes venue.

3

statement or representation" "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." In the *Knox* indictment, the Government alleged that on March 29, 2006, "in the Eastern District of Missouri and Northern District of Illinois, [the defendant] knowingly and willfully made materially false statements and representations . . . in that defendant falsely stated and represented, in substance, in an interview with a DHS-ICE officer that he had never held a gun." (Knox Indictment at 6 (Ex. A).)

According to the Court, Knox's "lie" was his claim that "he had never held a gun, a statement made in a recorded telephone call between Knox and a government agent." *Knox*, 540 F.3d at 712. The other facts described in *Knox* suggest that the defendant told the lie while he was in Missouri, but on the phone with a DHS-ICE officer in the Northern District of Illinois. *Id*. at 712-14. The Government's allegation, if true, thus directly tied Knox's false statement to the Northern District of Illinois. So, unlike here, *Knox* dealt with a situation where the Government met the *Bohle* standard.

*Lowrance* does not support the Government's venue position either. There, the defendant was charged with one count of wire fraud, five counts of mail fraud, and four counts of money laundering. (Lowrance Indictment (Ex. B).) And, once again, each count met the *Bohle* standard by alleging specific acts that, if true, would support venue in the Northern District of Illinois:

- Count 1 charged wire fraud pursuant to 18 U.S.C § 1343, which criminalizes fraud where a person "*transmits or causes to be transmitted* by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds . . . ." The indictment thus specifically alleged that the defendant "*cause[d] to be transmitted* . . . a wire transfer of approximately $50,000 [from a resident] *in Oakbrook Terrace, Illinois*." (Ex. B. at 5-6) (emphasis added);

- Counts 2-6 charged mail fraud pursuant to 18 U.S.C § 1341, which criminalizes fraud where a person "*deposits or causes to be deposited* any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier . . . ." The indictment thus specifically alleged that the defendant, for the purposes of carrying out a scheme to defraud, "*did*

4

*knowingly cause to be deposited* with FedEx . . . [various items] to be delivered *from a company located in Oakbrook, Illinois* . . . ." (Ex. B at 7-11) (emphasis added);

- Counts 7-10 charged money laundering pursuant to 18 U.S.C. § 1956(a)(2)(A), which criminalizes "*transport[ing], transmit[ing], or transfer[ing]* . . . a monetary instrument or funds . . . with the intent to promote" unlawful activity. The indictment thus specifically alleged that the defendant, with the intent to promote unlawful activities, caused various wire transfers from funds held in Amsterdam to "the bank account of [a] victim investor" at "*West Suburban Bank in Lombard, Illinois*" (Count Seven), and "the bank account of *a company located in Oakbrook, Illinois*" (Counts Eight through Ten). (Ex. B at 12-15.)

Apart from meeting the *Bohle* standard, the *Knox* and *Lowrance* indictments also each alleged "substantial contact" with the Northern District of Illinois based on the nature of the crimes and the location of the acts alleged. *See Muhammad*, 502 F.3d at 652-55 (finding venue proper where the scope of the defendant's relevant conduct was determined by the "key verbs" of the statutes charged). Knox made a false statement to a Government agent who was in the Northern District of Illinois, and Lowrance directed wires, mail, and money to and from specific places in the Northern District of Illinois to further a fraud scheme. The instant Indictment is different because it does not allege a single act in furtherance of the charged conspiracies in the Northern District of Illinois, let alone any substantial contact with the district.

In short, *Knox* and *Lowrance* do not support the Government's contention that merely alleging that a crime occurred in the Northern District of Illinois is sufficient to set forth venue. This Court must apply the standards set forth in *Bohle* and other Seventh Circuit precedent. Indeed, *Knox* and *Lowrance* themselves met the *Bohle* standard and, if anything, serve as examples showing what the Government should allege to properly set forth venue, thereby emphasizing the pleading failures of the Indictment here.

Defendants respectfully request that this Court enter an order dismissing the Indictment.

5

Dated: September 20, 2017  Respectfully submitted,

/s/ Dan K. Webb

Dan K. Webb
Matthew R. Carter
Alison S. Cooney
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
dwebb@winston.com
mcarter@winston.com
acooney@winston.com

*Attorneys for Dmitry Firtash*


/s/ Carolyn Pelling Gurland

Carolyn Pelling Gurland
Law Offices of Carolyn Gurland
414 North Clay Street
Hinsdale, IL 60521
(312) 420-9263
cgurland@comcast.net

*Attorney for Andras Knopp*

## **CERTIFICATE OF SERVICE**

I, Dan K. Webb, hereby certify that on September 20, 2017, the foregoing was served upon the following by electronic mail:

Amarjeet Singh Bhachu
Michael Thomas Donovan
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300

Jonathan Robell
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20530
(202) 616-5136

                                         */s/ Dan K. Webb*
                                         Dan K. Webb