UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13 CR 515 |
| | ) | Hon. Rebecca R. Pallmeyer |
| DMITRY FIRTASH, | ) | |
| also known as, "Dmytro Firtash," | ) | |
| and "DF," and | ) | |
| ANDRAS KNOPP | ) | |

### GOVERNMENT'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS FIRTASH'S AND KNOPP'S MOTIONS TO DISMISS INDICTMENT

The UNITED STATES OF AMERICA, by JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, and SANDRA MOSER, Acting Chief, Fraud Section, United States Department of Justice, hereby submit this supplemental brief in response to defendants Dmitry Firtash's and Andras Knopp's motions to dismiss the indictment (the "Motions").[1] In support of this supplemental response, the government respectfully represents as follows:

A good rule of thumb for reading decisions of an appellate court is that what they say and what they mean are one and the same. *United States v. Mathis*, 136 S. Ct. 2243, 2254 (2016). When the Seventh Circuit, in denying a challenge to venue in a criminal case, holds that "[b]oth counts of conviction allege . . . that the crime was committed in

---

1 The Court gave leave to the defendants and the government to make supplemental filings discussing two cases cited by the government during oral argument on the motions to dismiss: *United States v. Lowrance*, 534 Fed. Appx. 564, 565 (7th Cir. 2013) and *United States v. Knox*, 540 F.3d 708 (7th Cir. 2008). References to the defendants' supplemental brief appear as "Supp. Br. at __." References to the government's initial response to the defendants' motions to dismiss appear as "Resp. at __."

the Northern District of Illinois and elsewhere, and that allegation is adequate to allege venue," *United States v. Lowrance*, 534 Fed. Appx. 564, 565 (7th Cir. 2013), it cannot be reasonably said that the indictment in this case is deficient, because each count contains, at a minimum, the identical allegation.[2] Indeed, the *Lowrance* decision granted appointed counsel's motion to withdraw as appellate counsel under *Anders v. California*, 386 U.S. 738 (1967), because the argument that venue was not properly alleged was deemed to be frivolous. *Id.* Despite this, the defendants attempt to distinguish *Lowrance* by arguing that there were other references to this district in the *Lowrance* indictment. Supp. Br. at 4-5. But the Seventh Circuit did not refer to, much less rely upon, any such allegations in the course of holding that the venue challenge in *Lowrance* was frivolous.[3]

The defendants' effort to distinguish *United States v. Knox*, 540 F.3d 708 (7th Cir. 2008), also comes up well short. Once again, the defendants contend the Seventh Circuit did not mean what it said when it held that an indictment alleging the crime occurred "in the eastern District of Missouri and the Northern District of Illinois" was facially valid, and therefore the defendant had not waived his post-trial challenge to venue by not raising the matter prior to trial. *Knox*, 540 F.3d at 714. The defendants argue that the

---

2   *See also* Resp. at 27-28 (citing *United States v. Engle*, 676 F.3d 405, 415-16 (4th Cir. 2012) (where an indictment brought in the Eastern District of Virginia alleges that the charged crime took place "in the Eastern District of Virginia and elsewhere," a pretrial improper venue motion must be denied); and *United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013) (citing *Engle*).

3   And, if the defendants now believe (contrary to their earlier arguments) that a single allegation concerning a transmission in or out of this district is sufficient to establish venue, Supp. Br. at 4-5, then the indictment here easily passes muster for the reasons explained in the government's initial response.

2

case is distinguishable because they say the facts of *Knox* "suggest" that the defendant lied to an immigration officer during the course of a telephone call, and that the telephone call took place while the officer was in this district. However, these suggested facts are not found in the indictment: There's no reference to any telephone call involving the Northern District of Illinois in Count Four of the indictment (a copy of which the defendants attach to their most recent filing as Exhibit A). So this argument cannot explain how the Seventh Circuit found the indictment to be facially valid prior to trial.[4] Indeed, the Seventh Circuit didn't rely upon the record compiled during the trial to hold that venue was proven at trial—it found the claim was defaulted because it was not properly preserved for review at the conclusion of the trial. *Id.* at 716.[5] The defendants' effort to distinguish *Knox* is a total failure.

Finally, the defendants once again make reference to their newly-coined "*Bohle*-standard," which they derive from *United States v. Bohle*, 445 F.2d 54 (7th Cir. 1971). As the government explained at oral argument, *Bohle* concerned a case of air piracy where the prosecution was brought in the Northern District of Indiana even though the

---

[4] As an aside, if the defendants now suggest that a telephone call that is not even mentioned in the indictment is now sufficient to deny a challenge to venue, then Count One of this indictment, which affirmatively alleges (among other things) the use of a telephone within this district to further the crime, surely passes muster. Resp. at 33-34.

[5] And, as it turns out, while the evidence at trial established that there was a false statement made to an immigration officer during a recorded telephone call, the immigration officer never testified at trial as to his location at the time of the recorded call, though the call was made to a telephone with a (312) area code. *See United States v. Knox*, No. 07-2552 (7th Cir. 2007) (Brief of the United States filed February 12, 2008 at 25 n.4). To state the obvious, the Seventh Circuit did not rely upon facts that were not introduced at trial to find venue was sufficiently alleged prior to trial.

indictment did not contain *any* allegation that the crime was committed in part in the Northern District of Indiana; the hijacked plane took off from Florida and was diverted to Cuba, and the only allegation concerning the Northern District of Indiana was one that specified that the defendant was a resident of the Northern District of Indiana. 445 F.2d at 57-59. It is in this context that the Seventh Circuit wrote that the indictment in *Bohle* did not allege sufficient facts on its face, which, if proven, would sustain venue: Bohle's residence in the Northern District of Indiana was not, standing alone, a facially sufficient ground for venue. However, as discussed above, an allegation that the crime was committed in part in a district is and always has been a sufficient allegation of venue. The Motions should be denied.

WHEREFORE, the government respectfully requests that the Court enter an order (i) denying the Motions without prejudice to the defendants' right to present them after the Austrian extradition proceedings have concluded, and striking oral argument on the Motions; or (ii) in the alternative, denying the Motions.

Dated:  Chicago, Illinois
        October 3, 2017

Respectfully submitted.

JOEL R. LEVIN
Acting United States Attorney

By: /s/ Amarjeet S. Bhachu
AMARJEET S. BHACHU
Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212

MICHAEL T. DONOVAN
Special Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604

SANDRA MOSER
Acting Chief, Fraud Section
United States Department of Justice

By: JONATHAN P. ROBELL
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530

# CERTIFICATE OF SERVICE

  Amarjeet S. Bhachu, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT FIRTASH'S AND KNOPP'S MOTIONS TO DISMISS INDICTMENT was served on October 3, 2017, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                /s/ Amarjeet S. Bhachu
                AMARJEET S. BHACHU
                Assistant United States Attorney
                219 South Dearborn Street
                Fifth Floor
                Chicago, Illinois 60604