IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 13 CR 515 |
| | ) | |
| v. | ) | |
| | ) | JUDGE REBECCA R. PALLMEYER |
| DMITRY FIRTASH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DMITRY FIRTASH AND ANDRAS KNOPP'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS THE INDICTMENT**

After Defendants Dmitry Firtash and Andras Knopp's Motions to Dismiss the Indictment were fully briefed, the Second Circuit issued a decision that bears on issues similar to those presented in this case. *See United States v. Lawrence Hoskins*, 16-1010-cr, 2018 WL 4038192 (2d Cir. Aug. 24, 2018) (Ex. A).

In their opening and reply memoranda, Defendants cited to the district court's decision in *Hoskins*, 123 F. Supp. 3d 316 (D. Conn. 2015), for its holding that the government cannot use a conspiracy theory to prosecute a non-resident foreign national (like Defendants Firtash and Knopp) for FCPA violations if that non-resident foreign national was not an agent of domestic concern and did not commit any acts while physically present in the United States. (*See* Firtash Memo. ISO Motion to Dismiss, ECF. No. 25 at 20–23; Defendants' Joint Reply ISO Motion to Dismiss, ECF. No. 47 at 26–31.)

On August 24, 2018, the Second Circuit affirmed, in relevant part, the district court's ruling in *Hoskins* and held that a foreign national defendant, who never set foot in the United States nor worked for an American company during the alleged scheme, may not be held liable

under a conspiracy theory for violating the FCPA. As the Court stated, "the FCPA does not impose liability on a foreign national who is not an agent, employee, officer, director, or shareholder of an American issuer or domestic concern—*unless* that person commits a crime within the territory of the United States . . . ." 2018 WL 4038192 at *23 (emphasis in original). If a defendant does not fall into one of those enumerated categories, "[t]he government may not expand the extraterritorial reach of the FCPA by recourse to the conspiracy and complicity statutes." *Id.*

The Second Circuit's affirming opinion in *Hoskins* supports Defendants' arguments that this Court should dismiss Count Five of the indictment, the FCPA count. Defendant Firtash's companies had no United States subsidiary or United States connection and neither he nor any other co-defendant have been accused of conducting a single act of bribery either within the United States or directed toward the United States. The FCPA thus does not impose liability here and the government cannot circumvent that by charging conspiracy (which is precisely the argument the government is advancing with respect to Firtash and Knopp (*see* Government's Consolidated Response to Defendants' Motions to Dismiss Indictment, ECF. No. 40 at 78–81).)

Dated: August 27, 2018               Respectfully submitted,

                                     */s/ Dan K. Webb*

                                     Dan K. Webb
                                     Matthew R. Carter
                                     Alison S. Cooney
                                     WINSTON & STRAWN LLP
                                     35 West Wacker Drive
                                     Chicago, IL 60601
                                     (312) 558-5600
                                     dwebb@winston.com
                                     mcarter@winston.com
                                     acooney@winston.com

*Attorneys for Dmitry Firtash*


*/s/ Carolyn Pelling Gurland*

Carolyn Pelling Gurland
WHITE & CASE LLP
227 West Monroe Street
Suite 3900
Chicago, IL 60606-5055
carolyn.gurland@whitecase.com

*Attorney for Andras Knopp*

## **CERTIFICATE OF SERVICE**

I, Dan K. Webb, hereby certify that on August 27, 2018, the foregoing was served upon the following by electronic mail:

Amarjeet Singh Bhachu
Michael Thomas Donovan
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300

Jonathan Robell
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20530
(202) 616-5136

*/s/ Dan K. Webb*
Dan K. Webb